# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON COHEE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-1042 |
| PEORIA COUNTY SHERIFF'S DEPARTMENT, | ) |
| Defendant. | ) |

## O R D E R

This matter is now before the Court on a Motion to Dismiss by Defendant, Peoria County Sheriff's Department. For the reasons set forth below, the Motion to Dismiss [#3] is GRANTED.

**FACTUAL BACKGROUND**

On February 8, 2011, Plaintiff, Jason Cohee ("Cohee"), filed this action against Defendant. The precise nature of his 14-page "Notarized Complaint" is unclear, as it consists largely of series of incoherent assertions and unrelated events. He alludes to seeking the assistance of the Illinois State Police and Illinois National Guard to effect martial law. He then makes references to being injured when his girlfriend threw a bowl of soup at his head and giving a false statement to the responding officer to keep his girlfriend from being arrested. Cohee asserts that Defendant failed to arrest his girlfriend, failed to secure a crime scene, and negligently left "a psychologically disrupted soul on the streets to endanger the public welfare." He also refers to unfair treatment by the judge in his state court divorce matter and claims "malicious willful and wanton gross negligence

for extortion, battery, and mental cruelty levied upon Judge Stephen Kouri." Finally, he makes a stray reference to discrimination against an individual on the basis of his disability under the Americans With Disabilities Act. He seeks relief in the form of confiscating the responding officer's badge and firearms and punitive damages "to punish the Union for its malicious conduct."

Defendant has filed a Motion to Dismiss the claims for failure to state a claim upon which relief can be granted. The motions are fully briefed, and this Order follows.

**DISCUSSION**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction, and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The interrelationship between Rules 8 and 12(b)(6) was clarified by the Supreme Court in Twombly.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),FN3 on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g.,* Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S.Ct. at 1964 -1965. The Seventh Circuit has also noted that despite the relatively low threshold to comply with the requirements of notice pleading pursuant to Rule 8(a), a complaint may nevertheless be dismissed under Rule 12(b)(6) if the plaintiff does not present

legal arguments supporting the "substantive adequacy" or "legal merit" of that complaint. Lekas v. Briley, 405 F.3d 602, 614 (7th Cir. 2005), *citing* Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999).

Cohee's Complaint can best be construed as an action under 42 U.S.C. § 1983, which imposes liability where a defendant acts under color of a state law and the defendant's conduct violated the plaintiff's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. To establish a cause of action under § 1983, the plaintiff must allege (1) that the defendant has deprived him of a federal right, and (2) that the defendant acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). In reviewing the complaint on a motion to dismiss, the plaintiff is only required to set forth these elements in a short plain statement showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2); Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

Here, allegations of any deprivation of a federal right by the Peoria County Sheriff's Department border on nonexistent. The closest Cohee comes is the assertion that by attempting to take his statement following the soup throwing incident, Deputy T. McCoy somehow endangered his life "in an attempt to obtain a belied statement as a witness" and that when he drove to the Peoria County Sheriff's Department three days later, Deputy Hauk explained that it was important to obtain his statement for future use in case he died.

There is no indication of what federal right was violated by this alleged conduct or any explanation of a basis for municipal liability against the Peoria County Sheriff's Department as an entity. This is plainly insufficient to establish the suggestion of legal merit, much less place Defendant on notice of the claims being made against it. Moreover, even when construed in the

light most favorable to Cohee, the formulaic recitations citing to disjointed theories and incidents fail to assert any claim against the Defendant that is plausible on its face or which raises any right to relief above a speculative level.

**CONCLUSION**

For the reasons set forth above, Defenfant's Motions to Dismiss [#3] is GRANTED, and this action is now TERMINATED.

ENTERED this 20th day of April, 2011.

                                           s/ James E. Shadid
                                           James E. Shadid
                                           United States District Judge